IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ SINGH;
SUMAN MEHTA,

          Plaintiffs,                  No. CIV 11-0679 JAM EFB PS

    vs.

STEPHEN LIPWORTH;
STEVEN FINLEY,

          Defendants.            <u>ORDER</u>

_____/

      This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiffs seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiffs' declarations makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the requests to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

      Determining plaintiffs may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3   it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8   relief above the speculative level on the assumption that all of the complaint's allegations are

9   true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    In reviewing a complaint under this standard, the court must accept as true the allegations

13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

16  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

17  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21    Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

23  *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24  1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

25  jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

2

(3) be authorized by a federal statute that both regulates a specific subject matter and confers

federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

*Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

*Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiffs' complaint alleges that "a judgment was fraudulently obtained against

[plaintiff] Raj Singh" and that defendant Lipworth "became assignee to collect" the judgment.

Compl., Dckt. No. 1 at 2.  The complaint alleges that Lipworth then foreclosed on certain real

estate properties owned by plaintiff Mehta for the satisfaction of the judgment against Singh.  *Id.*

Plaintiff contends that Lipworth "conspired with the Sacramento Sheriff and the Judicial

officers" to place a levy on the properties.  Plaintiffs contend that defendant "Steven Finley

represented Stephen Lipworth."  *Id.* at 3.

Although plaintiffs' complaint does not allege a federal claim or diversity of the parties,

plaintiff's civil cover sheet, which is attached to plaintiff's complaint, states that the action is

brought under 42 U.S.C. § 1983.  However, in order to state a claim under § 1983, plaintiffs

must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the

violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

U.S. 42, 48 (1988).  Upon review of the complaint, it appears that plaintiffs have not identified

proper defendants pursuant to § 1983.  Plaintiffs fail to allege that the defendants were state

actors or that they were otherwise acting under color of law.  *See Sutton v. Providence St. Joseph*

*Med. Ctr*., 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional

deprivation under § 1983 must be a person who may fairly be said to be a governmental actor)

(citation and quotations omitted).  Section "1983 excludes from its reach merely private conduct,

no matter how discriminatory or wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Furthermore, plaintiffs fail to identify the constitutional rights the defendants allegedly violated, or explain how their actions resulted in the deprivation of any constitutional right.

Therefore, plaintiffs' complaint will be dismissed. However, plaintiffs are granted leave to file an amended complaint and name proper governmental actors, if any can properly be listed as defendants. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiffs choose to file an amended complaint, they shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiffs are informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiffs file an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiffs that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' requests for leave to proceed *in forma pauperis* are granted.

////

4

2.  Plaintiffs' complaint is dismissed with leave to amend.

3.  Plaintiffs are granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Plaintiffs must file an original and two copies of the amended complaint.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  May 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE