IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ SINGH;
SUMAN MEHTA,

        Plaintiffs,                  No. CIV 11-0679 JAM EFB PS

    vs.

STEPHEN LIPWORTH;
STEVEN FINLEY,

        Defendants.             <u>ORDER</u>

                               /

This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 5, 2011, the undersigned granted plaintiffs' request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiffs' complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Dckt. No. 4. The court noted that "[a]lthough plaintiffs' complaint does not allege a federal claim or diversity of the parties, plaintiff's civil cover sheet, which is attached to plaintiff's complaint, states that the action is brought under 42 U.S.C. § 1983." *Id.* at 3. The court then dismissed plaintiffs' complaint since plaintiffs failed to identify proper defendants pursuant to § 1983 since they failed to allege that the defendants were state actors or that they were otherwise acting under color of law. *Id.* Additionally, the court noted that the plaintiffs

1

failed to identify the constitutional rights the defendants allegedly violated, or explain how their actions resulted in the deprivation of any constitutional right. *Id.* at 4.

On May 24, 2011, plaintiffs filed an amended complaint. Dckt. No. 5. The amended complaint, which once again only names Stephen Lipworth and Steven Finley as defendants, alleges that "[a] judgment was fraudulently obtained against [plaintiff] Raj Singh" and that Lipworth "became assignee to collect" the judgment. *Id.* at 2. The amended complaint alleges that Lipworth then foreclosed on certain real estate property owned by plaintiff Mehta for the satisfaction of the judgment against Singh. *Id.* Plaintiffs allege that Lipworth conspired with Finley, as well as the Sacramento Sheriff and certain Judicial Officers. *Id.* Plaintiffs further allege that they "were deprived of their property rights by Defendants acting in conjunction with Judicial officers" and that "[i]llegal acts of Defendants and Judicial officers circumvented the 'due course of justice.'" *Id.*

As noted in the May 5, 2011 order, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiffs' amended complaint still does not allege a federal claim or diversity of the parties. Additionally, the amended complaint still does not allege that either of the named defendants are proper defendants under 42 U.S.C. § 1983. As noted in the May 5, 2011 order, in order to state a claim under § 1983, plaintiffs must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting

1 under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs' amended
2 complaint still does not allege that the named defendants were state actors or that they were
3 otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d
4 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must
5 be a person who may fairly be said to be a governmental actor) (citation and quotations omitted).
6 Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or
7 wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation
8 and internal quotation marks omitted). Furthermore, plaintiffs still fail to identify the
9 constitutional rights the defendants allegedly violated, or explain how their actions resulted in
10 the deprivation of any constitutional right.

11 Therefore, plaintiffs' amended complaint will once again be dismissed. However,
12 plaintiffs are granted leave to file a second amended complaint and name proper governmental
13 actors, if any can properly be listed as defendants. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th
14 Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to
15 correct any deficiency in their complaints). Should plaintiffs choose to file a second amended
16 complaint, they shall clearly set forth the allegations against each defendant and shall specify a
17 basis for this court's subject matter jurisdiction.

18 Additionally, plaintiffs are informed that the court cannot refer to prior pleadings in order
19 to make an amended complaint complete. Local Rule 220 requires that an amended complaint
20 be complete in itself. This is because, as a general rule, an amended complaint supersedes the
21 original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once
22 plaintiffs file a second amended complaint, the first amended complaint no longer serves any
23 function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original
24 complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644
25 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer
26 defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiffs that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' first amended complaint is dismissed with leave to amend.

2. Plaintiffs are granted thirty days from the date of service of this order to file a second amended complaint that complies with the directives herein.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Plaintiffs must file an original and two copies of the second amended complaint.  Failure to timely file a second amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: June 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE