IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH;<br>SUMAN MEHTA,<br><br>      Plaintiffs,<br><br>  vs.<br><br>STEPHEN LIPWORTH;<br>STEVEN FINLEY,<br><br>      Defendants.<br>_____/ | No. CIV 11-0679 JAM EFB PS<br><br><br><br><br><br><u>ORDER</u> |

This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 5, 2011, the undersigned granted plaintiffs' request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiffs' complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Dckt. No. 4. Plaintiffs filed an amended complaint, which was also dismissed pursuant to § 1915(e)(2). Dckt. Nos. 5, 6.

On August 5, 2011, plaintiffs then filed a second amended complaint. Dckt. No. 9. The complaint, which asserts a claim against defendants Stephen Lipworth and Steven Finley under 42 U.S.C. § 1983, alleges that "[a] judgment was fraudulently obtained against [plaintiff] Raj Singh" and that Lipworth "became assignee to collect" the judgment. *Id.* at 2. The second

amended complaint alleges that Lipworth then foreclosed on certain real estate property owned by plaintiff Mehta for the satisfaction of the judgment against Singh. *Id.* Plaintiffs allege that Lipworth conspired with Finley, as well as the Sacramento Sheriff and certain judicial officers. *Id.* Plaintiffs further alleged that the "illegal acts of defendants thereby deprived the constitutional rights of plaintiffs to defend and to own [certain property, and were] facilitated by the above named-defendants' station and capacity of influence over Sheriff and Judicial Officers," and that defendants were therefore "acting under color of state law." *Id.* Plaintiffs contend that the "[i]llegal acts of Defendants and Judicial officers circumvented the 'due course of justice.'" *Id.*

In light of those allegations, the court cannot state at this time that the second amended complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) ("Although the Attorney Defendants are themselves private actors, private parties who corruptly conspire with a judge in conjunction with the judge's performance of an official judicial act are acting under color of state law for the purpose of § 1983, even if the judge himself is immune from civil liability.").

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

2. The Clerk of Court shall send plaintiff two USM-285 forms, one summons, a copy of the complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes and the court's voluntary dispute resolution program.

////

////

////

3. Plaintiffs are advised that the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant;

    c. A copy of the complaint for each defendant, with an extra copy for the U.S. Marshal; and,

    d. A copy of this court's scheduling order and related documents for each defendant.

4. Plaintiffs shall supply the United States Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall, within 14 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal*.

5. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiffs, without prepayment of costs. *The United States Marshal shall, within 14 days thereafter, file a statement with the court that said documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

6. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

7. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: September 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3