IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ SINGH;
SUMAN MEHTA,

        Plaintiffs,                No. 2:11-cv-0679-JAM-EFB PS

   vs.

STEPHEN LIPWORTH;
STEVEN FINLEY,
                                         <u>ORDER AND</u>
        Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       This case, in which plaintiffs are proceeding *in forma pauperis* and *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). Defendants move to dismiss plaintiffs' second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Dckt. No. 20. Defendants also move for an order declaring plaintiff Raj Singh a vexatious litigant and requiring plaintiff Singh to furnish security for costs to be incurred in this action. Dckt. No. 24. Plaintiffs oppose both motions and request that the court order defendant Finley to be investigated by the California State Bar. Dckt. Nos. 26, 27. For the reasons explained below, the undersigned recommends that defendants' motion to dismiss be granted. Further,

1

defendants' motion for an order declaring plaintiff Raj Singh a vexatious litigant and requiring plaintiff Singh to furnish security for costs and plaintiffs' request to have defendant Finley investigated by the California State Bar are denied.

I. Background

On May 5, 2011, the undersigned dismissed plaintiffs' initial complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Dckt. No. 4. Plaintiffs filed an amended complaint, which was also dismissed pursuant to § 1915(e)(2). Dckt. Nos. 5, 6. On August 5, 2011, plaintiffs then filed a second amended complaint. Dckt. No. 9.

The second amended complaint, which asserts a claim against defendants Stephen Lipworth and Steven Finley under 42 U.S.C. § 1983, alleges that "[a] judgment was fraudulently obtained against [plaintiff] Raj Singh" and that Lipworth "became assignee to collect" the judgment. *Id.* at 2.[1] Plaintiffs allege that Lipworth then foreclosed on certain real estate owned by plaintiff Suman Mehta for the satisfaction of the judgment against plaintiff Singh. *Id.* Plaintiffs allege that Lipworth conspired with defendant Finley, as well as with the Sacramento Sheriff and certain judicial officers to engage in "illegal acts" which "deprived the constitutional rights of plaintiffs to defend and to own [certain property, and were] facilitated by the above named-defendants' station and capacity of influence over Sheriff and Judicial Officers," and that defendants were therefore "acting under color of state law." *Id.* Plaintiffs also contend that the "[i]llegal acts of Defendants and Judicial officers circumvented the 'due course of justice.'" *Id.*

II. Rule 12(b)(6) Motion to Dismiss

Defendants move to dismiss the second amended complaint pursuant to Rule 12(b)(6), arguing that it fails to state any valid claims. Defendants argue that the conspiracy allegations are too conclusory to meet the pleading standards as required by *Bell Atl. Corp. v. Twombly*, 550

////

---

[1] The page numbers cited herein refer to those assigned by the court's electronic case management system and not those assigned by the parties.

U.S. 544, 555 (2007).[2]  Dckt. No. 20 at 18-19.

A. <u>Standard of Review</u>

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

////

---

[2] Defendants also move to dismiss under Rule 12(b)(1) and request that plaintiffs be required to personally appear at the hearing on defendants' motion to dismiss.  Dckt. No. 20 at 15-19.  The court concludes that dismissal is required under Rule 12(b)(1) for failure to state a claim, and does not address these other issues.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. <u>Discussion</u>

The only claim set forth in plaintiffs' second amended complaint is against defendants Stephen Lipworth and Steven Finley under 42 U.S.C. § 1983. However, as the court has previously noted, to state a claim under § 1983, plaintiffs must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To act under color of state law, an individual is not required to be a state officer. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). A private party that willfully participated with a state official in the challenged

4

conduct is considered to have acted under the color of state law. *Id.* at 27-28. Thus, "private parties who corruptly conspire with a judge in conjunction with the judge's performance of an official judicial act are acting under color of state law for the purpose of § 1983, even if the judge himself is immune from civil liability." *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). Here, plaintiffs' second amended complaint fails because plaintiffs have not sufficiently alleged that either of the named defendants acted under color of state law.

Plaintiffs do not allege that the named defendants are state officials. Rather, relying on *Kimes*, plaintiffs allege that defendants conspired with the Sacramento Sheriff and certain judicial officers and therefore acted under color of state law. Dckt. No. 9 at 2, 5. Specifically, plaintiffs claim that "illegal acts of defendants thereby deprived the constitutional rights of plaintiffs to defend and to own [certain property, and were] facilitated by the above named-defendants' station and capacity of influence over Sheriff and Judicial Officers," and that defendants were therefore "acting under color of state law." *Id.* Plaintiffs further contend that the "[i]llegal acts of Defendants and Judicial officers circumvented the 'due course of justice.'" *Id.*

Plaintiffs' allegations are insufficient to show that defendants willfully participated with state officials in violating plaintiffs' constitutional rights. Although plaintiffs conclude that defendants conspired with, or somehow influenced, the Sacramento Sheriff and judicial officers to deprive plaintiffs of their constitutionally protected rights, those allegations are mere conclusions. The complaint provides no facts supporting the existence of an agreement between defendants and state officials, nor does it attempt to explain how defendants conspired with the Sacramento Sheriff or any judicial officials to violate plaintiffs' constitutional rights. Because plaintiffs' bare conclusion that a conspiracy existed is insufficient to show that defendants acted under color of state law, plaintiffs have failed to state a claim under 42 U.S.C. § 1983.

Furthermore, plaintiffs fail to identify the constitutional rights that defendants allegedly violated. Plaintiffs claim that defendant Lipworth fraudulently foreclosed on certain real

property owned by plaintiff Mehta for the satisfaction of a judgment against plaintiff Singh. Dckt. No. 1 at 2-3. Plaintiffs further allege that defendants' acts deprived plaintiffs of their constitutionally protected right "to defend and to own [certain property] and to "use their properties as desired." *Id*. The complaint does not specifically identify the constitutional rights the defendants allegedly violated, although it appears that plaintiffs may be attempting to allege that they were deprived of a property interest without due process of law in violation of the Fourteenth Amendment to the United States Constitution. Assuming this as plaintiffs' intent, it is unclear how each defendant interfered with plaintiff Singh's property interest. The complaint specifically alleges that the real property at issue was owned by plaintiff Mehta. As plaintiff Singh does not have an interest in the property, at least as alleged in the complaint, the complaint fails to state a claim that defendants deprived Singh of a property interest without due process.

     As plaintiffs have failed to allege facts establishing a claim as to the defendants and have not identified the constitutional rights the defendants allegedly violated, the second amended complaint must be dismissed. The court is mindful that pro se litigants are entitled to notice of the deficiencies in the complaint and an opportunity to amend. However, further leave to amend in simply not appropriate where it is clear that further amendment would be futile. Further amendment would be futile here. Plaintiffs' two prior complaints were both dismissed for failing to allege facts showing that defendants were proper defendants for a claim brought under 28 U.S.C. § 1983 and for failing to identify the constitutional rights defendants allegedly violated. Plaintiffs' failure to cure the deficiencies identified in the court's prior orders demonstrates that they simply cannot state facts sufficient to state a claim over the foreclosure and property interest in question and that further leave to amend would be futile. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *see also Jumenez v. Sullivan*, 2008 WL 4005940, at *3 (E.D. Cal. Aug. 27, 2008) ("[p]laintiff was already given an opportunity to cure the deficiencies identified by the court in its prior order and she was unable to do so. Thus, it appears granting leave to amend the complaint would be futile."). The complaint should therefore be dismissed without

leave to amend.

III.   Motion to Declare Plaintiff Singh a Vexatious Litigant

Plaintiffs also request an order declaring plaintiff Singh a vexatious litigant and requiring him to furnish security for costs to be incurred in this action. Dckt. No. 24.

District courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). This includes the power to issue pre-filing orders enjoining a vexatious litigant from filing further actions unless certain requirements are satisfied, such as obtaining leave of court or filing declarations that support the merits of the case. *See*, *e.g.*, *O'loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (requiring pro se inmate deemed vexatious litigant to show good cause before being permitted to file future actions); *De Long*, 912 F.2d at 1146-47 (prohibiting filings of pro se litigant proceeding in forma pauperis without leave of the district court); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (forbidding pro se plaintiff from filing further complaints without prior approval of district court). However, the Ninth Circuit has cautioned that pre-filing orders should rarely be issued. *De Long*, 912 F. 2d at 1147.

Besides the instant action, the undersigned is unaware of any other cases plaintiff Singh has commenced in the district court. As there is no indication that plaintiff Singh has engaged in abusive conduct in this court, defendants' motion for an order declaring plaintiff Singh a vexatious litigant and requiring plaintiff Singh to furnish security for costs is denied.

IV.   Plaintiffs' Request to Have Defendant Finley Investigated by the California State Bar

In his opposition to the motion to declare him a vexatious litigant, plaintiff Singh requests that the court enter an order requesting the State Bar of California to investigate defendant Finley. Dckt. No. 27 at 5. However, Singh has failed to make a showing that defendant Finley engaged in any conduct warranting an investigation by the State Bar. Therefore, the request is denied.

7

V. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for an order declaring plaintiff Raj Singh a vexatious litigant and requiring plaintiff Singh to furnish security for costs, Dckt. No. 24, is denied;

2. Plaintiffs' request to refer Finley for investigation by the California State Bar, Dckt. No. 27, is denied.

It is further RECOMMENDED that:

1. Defendants' motion to dismiss, Dckt. No. 20, be granted and plaintiffs' second amended complaint be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 4, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8